O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KAIRN BORZAKIAN, et al.,<br><br>　　　　Defendants. | Case No. 2:21-cv-00396-TJH-KES<br><br>ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT ON THE MERITS |

**I.**

**BACKGROUND**

In 2009, Eric Robinson ("Plaintiff") was sentenced to 13 years and 8 months in prison after a California state court jury convicted him of making criminal threats and resisting an executive officer by means of threats, violence, or force. Robinson v. Hill, No. 2:13-cv-01311-TJH-KES (C.D. Cal.), Dkt. 244 at 1-7 (describing procedural history). He filed an unsuccessful habeas petition in this Court challenging the convictions.[1] Id., Dkt. 245, 246 (dismissing petition); see also

---

[1] Because the petition raised issues related to Petitioner's competency, this Court appointed counsel for Petitioner. Id., Dkt. 4.

1

Robinson v. Hill, No. 19-55656 (9th Cir. Feb. 11, 2021) (affirming the dismissal).

Plaintiff was later released from custody, and on January 12, 2021, he filed a pro se civil rights complaint under 42 U.S.C. § 1983. ("Complaint" at Dkt. 1.) Because he sought leave to proceed in forma pauperis, the Magistrate Judge screened the Complaint under 28 U.S.C. § 1915(e)(2). (Dkt. 2, 4.) That statute requires the Court to dismiss any case that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On February 1, 2021, the Magistrate Judge dismissed the Complaint with leave to amend, finding that:

- The claims arising from the state court criminal proceedings against Plaintiff were barred by Heck v. Humphrey, 512 U.S. 477 (1994), prosecutorial immunity, judicial immunity, and/or because the public defenders named as defendants are not considered state actors under § 1983 (Dkt. 4 at 1-6);
- The claims arising from the state court criminal proceedings appeared to be time-barred (id. at 6);
- The Complaint failed to state a claim based on allegations that Plaintiff was attacked by correctional officers and/or other inmates while Plaintiff was in prison, because the Complaint did not include enough facts about these incidents (id at 6-7); and
- The Complaint failed to state a claim under the First Amendment based on lack of access to the law library and/or legal materials because the Complaint did not explain how Plaintiff was injured by the challenged policies (id. at 7).

The Magistrate Judge instructed Plaintiff to file either a First Amended Complaint or a notice of intent to proceed with the initial Complaint on or before March 1, 2021. (Id. at 8.)

When the Court mailed a copy of this order to Plaintiff at the address provided in his Complaint, it was returned as undeliverable. (Dkt. 7.) On February 23, 2021, the Magistrate Judge ordered Plaintiff to provide a current mailing address by March 25, 2021 and also extended his deadline to amend the Complaint to March 25. (Dkt. 8.)

On March 12, 2021, Plaintiff filed a notice of appeal listing the "date of judgment or order you are appealing" as February 23, 2021, i.e., the date of the order directing Plaintiff to provide an updated mailing address. (Dkt. 10.) The notice of appeal gave an updated mailing address for Plaintiff. (Id. at 1.)[2]

The Magistrate Judge issued an order finding that no final, appealable order had yet been entered and instructing Plaintiff to clarify his intentions regarding the notice of appeal by filing either: (1) a notice of standing on his initial Complaint, or (2) a First Amended Complaint. (Dkt. 13.) Plaintiff's deadline to respond to this order passed on April 9, 2021, and Plaintiff did not file any response.

On April 14, 2021, the Magistrate Judge issued a Report and Recommendation ("R&R") that this action be dismissed due to Plaintiff's failure to comply with a court order under Federal Rule of Civil Procedure 41(b). (Dkt. 15.) Plaintiff timely filed objections to the R&R, which largely re-argue the merits of the claims related to his state court criminal convictions. (Dkt. 17.)

The Ninth Circuit has now dismissed Plaintiff's appeal for lack of jurisdiction, finding that the challenged order was not final or appealable. (Dkt. 16.)

---

[2] Plaintiff also filed a motion and affidavit for permission to appeal in forma pauperis, which stated, "I need 30 days[,] I will pay..." (Dkt. 11.) The Magistrate Judge denied the motion without prejudice because: (a) Plaintiff indicated that he would be able to pay the filing fee within 30 days, and (b) he had not identified any non-frivolous issues for appeal. (Dkt. 13 at 3.)

3

## II.

## LEGAL STANDARD

Generally, a party can only appeal from a final order or judgment. A dismissal with leave to amend is not a final, appealable order. WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136-37 (9th Cir. 1997) ("[W]hen a district court expressly grants leave to amend, it is plain that the order is not final."). However, a plaintiff is not required to amend. Instead, he may choose to "test [his] belief that [a] claim was adequately pled" in the appellate court. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064 (9th Cir. 2004).

To do so, the plaintiff may not simply file a notice of appeal; the plaintiff must tell the district court that he chooses not to amend, so that the district court can enter a final judgment. See WMX Techs., 104 F.3d at 1136 ("[A] plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained."). Upon receiving notice of the plaintiff's decision not to amend, "the district court should ... enter[] a final judgment dismissing all claims with prejudice, and allow[] the case to come to [the Ninth Circuit] on appeal in that posture." Edwards, 356 F.3d at 1064 (finding that, "faced with the district court's initial order dismissing most of her claims and granting leave to amend the RICO claim," the plaintiff properly filed an "Election to Stand Upon the Sufficiency of the Amended Complaint Pleadings," and the "district court should have taken the election not to amend at face value, entered a final judgment dismissing all claims with prejudice, and allowed the case to come [to the Ninth Circuit] in that posture").

If, on the other hand, a plaintiff simply fails to amend his complaint, the district court may dismiss the action for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal for failure to obey a court order "is a harsh penalty" that

"should only be imposed in extreme circumstances" after considering the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Id. at 1260-61. This test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

In Edwards, the Ninth Circuit discussed how a district court should proceed when a plaintiff is granted leave to amend his complaint but fails to do so, clarifying when the district court should dismiss the action as a sanction under Rule 41(b), or alternatively when the district court should enter a final dismissal for failure to state a claim:

> The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal. Where, however, the plaintiff makes an affirmative choice not to amend, and clearly communicates that choice to the court, there has been no disobedience to a court's order to amend; ... the plaintiff has the right to stand on the pleading. ... Hence ... a threatened ... dismissal [for failure to state a claim] ... ferment[s] into a Rule 41(b) dismissal only upon a plaintiff's inaction. When the plaintiff timely responds with a formal notice of his intent not to amend, the threatened dismissal merely ripens into a final, appealable judgment. ...
>
> The difference between a dismissal ... [for failure to state a claim] and one under Rule 41(b) is not merely formal. For one thing, a Rule 41(b) dismissal is deemed a sanction for disobedience, while a ... dismissal [for failure to state a claim] carries no such stigma. But

5

| | more important is the different posture in which the two sorts of
| | dismissal reach this court. We review a Rule 41(b) dismissal only for
| | abuse of discretion in applying the five factors set forth in Ferdik, 963
| | F.2d at 1260, which pertain to the propriety of the sanction, not to the
| | merits of the underlying question (such as whether a complaint states
| | a claim). ... Yet we review a ... dismissal [for failure to state a claim]
| | de novo, reviewing directly the question whether the plaintiff has
| | stated a claim upon which relief could be granted. ... [D]emanding
| | conversion of a ... dismissal [for failure to state a claim] into one
| | under Rule 41(b) even when the plaintiff has informed the court of her
| | decision not to amend ... would unjustly deny plaintiffs ... who
| | exercise their right to stand on a complaint their right to an appeal on
| | the merits of the question whether the complaint is adequate as a
| | matter of law.

Edwards, 356 F.3d at 1065.

### III.

### DISCUSSION

When the Magistrate Judge issued the R&R, Plaintiff had failed to respond to the order asking him to clarify his intentions regarding the notice of appeal. In that posture, under Edwards and the other case law cited above, a dismissal under Rule 41(b) would have been appropriate. However, Plaintiff's objections to the R&R, liberally construed and considered in conjunction with his unsuccessful attempt to appeal the Magistrate Judge's screening order, indicate an affirmative choice to stand on the Complaint as initially drafted, because the objections re-argue the merits of the claims pled in the Complaint. (See, e.g., Dkt. 17 at 2 [arguing that his appointed criminal attorneys were ineffective]; id. at 5 [arguing that the prosecutor introduced false evidence at Plaintiff's criminal trial].) Accordingly, in the interests of justice and to allow Plaintiff to seek review of his claims in the Ninth Circuit,

should he wish to do so, the Court will enter judgment dismissing the Complaint for the reasons explained in the Magistrate Judge's order of February 1, 2021. Because the Ninth Circuit has dismissed Plaintiff's prior appeal, Plaintiff should file a new notice of appeal if he wishes to seek such review.

## IV.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. The claims arguing that (a) Plaintiff's brother Craig gave false testimony at Plaintiff's criminal trial, (b) there was insufficient evidence to convict Plaintiff, and (c) admission of certain evidence violated Plaintiff's due process rights (Compl. at 4) are **dismissed without prejudice**, because Plaintiff's convictions have not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994).

2. The claims against that the district attorneys who prosecuted Plaintiff in state court (Susan Tannenbaum a.k.a. Kairn Borzakian, Melissa Decker a.k.a Melissa Chesslock, and Ruby Arias), alleging that they suborned perjury and "fabricated evidence and forged court records" (Compl. at 4-6), are **dismissed with prejudice** because they are barred by prosecutorial immunity, are conclusory and lack supporting facts, and are barred by Heck.

3. The claims against state court judges who presided over different stages of Plaintiff's criminal trial (Daniel Feldstern, Kathryne Stoltz, and Shari Silver), alleging that they conspired with the prosecutors and public defenders to violate Plaintiff's constitutional rights (Compl. at 3, 6, 13), are **dismissed with prejudice** because they are barred by judicial immunity.

4. The claims against the attorneys who represented Plaintiff in the state court criminal proceedings (Kevin Avery, Michael Tanner, and Lisa Bassis) and

federal habeas proceedings (Ashfaq Chowdhury and Devon Hein) are **dismissed with prejudice** for failure to state a claim because such attorneys are not considered state actors under § 1983.

5. The claims against arresting Officers Nelson Fong and Mark Richardson for excessive force and making false police reports are **dismissed without prejudice** because they are barred by Heck.

6. The claims alleging that while imprisoned Plaintiff was assaulted by correctional officers and/or other inmate(s) are **dismissed without prejudice** for failure to state a claim, because the Complaint did not provide sufficient facts about these incidents.

7. The claim alleging that while imprisoned Plaintiff was given insufficient access to the law library is **dismissed without prejudice** because the Complaint did not allege facts showing that Plaintiff was injured by this lack of access.

DATED: MAY 11, 2021

_____
TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE